IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| v. | : | **Criminal Action No.** |
| | : | **7:04-CR-1-1 (HL)** |
| **JOHN PETTIFORD,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

Before the Court is Defendant John Pettiford's Motion to Dismiss Trial Counsel and Appoint Substitute Appeal Counsel. Defendant requests that the Court dismiss his appointed counsel, Mark Brimberry, and appoint a new attorney to handle his appeal. To support his request, Defendant provides the following reasons for dismissing his appointed counsel: (1) Brimberry failed to present certain unnamed issues to the court; (2) Brimberry and Defendant could not agree; (3) Brimberry failed to present the pre-sentencing report on time; (4) Brimberry assured Defendant that he would only receive 5 years, yet Defendant received 10 years; and (5) Brimberry did not contact a potential witness.

It appears Defendant is attempting to dismiss his appointed counsel in order to raise an ineffective assistance claim; however, the United States Court of Appeals for the Eleventh Circuit generally refuses to consider ineffective assistance claims on direct appeal. See, e.g., United States v. Camacho, 40 F.3d 349, 355 (11th Cir. 1994). Because the record, in most cases, is not sufficiently developed to allow the court to adequately address ineffective assistance of counsel claims, the Eleventh Circuit only considers such claims if the merits of the claim are

fully apparent on the existing record.  United States v. Gholston, 932 F.2d 904, 905 (11th Cir. 1991).  Otherwise, ineffective assistance of counsel claims usually must be raised in a separate motion brought under 28 U.S.C. § 2255.  Id. at 906.  Thus, it is unlikely that Defendant will be allowed to raise his ineffective assistance of counsel claim on direct appeal.  Accordingly, it would not be efficient to remove the attorney most familiar with the case and best able to handle the case on appeal solely on the basis of allegations that will most likely not be considered by the Eleventh Circuit.

In conclusion, for the reasons stated above, Defendant John Pettiford's Motion to Dismiss Trial Counsel and Appoint Substitute Appeal Counsel is denied.

**SO ORDERED**, this the 20th day of September, 2005.

s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs