IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JOHN PETTIFORD,                                *

          Petitioner,                        *

                                 CASE NO. 7:09-CV-90069 HL

v.                                             *        28 U.S.C. § 2255
                                 CASE NO. 7:04-CR-001 HL

UNITED STATES OF AMERICA,         *

          Respondent.                     *

## REPORT AND RECOMMENDATION

      Petitioner John Pettiford's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

      Petitioner Pettiford was indicted in this Court on January 15, 2004, and charged with one count of causing interstate travel in execution of a scheme to defraud in violation of 18 U.S.C. § 2314, and three counts of interstate transportation of stolen property in violation of 18 U.S.C. § 2314. (R 1).   Pettiford entered into a Plea Agreement (R 32) with the Government on January 12, 2005, and pleaded guilty to Count One, causing interstate travel in execution of a scheme to defraud.  The three remaining Counts were dismissed as part of the Plea Agreement.  On June 13, 2005, after a Pre-Sentence Investigation (PSI) was reported to the Court and the parties, the District Judge sentenced Petitioner Pettiford to a term of imprisonment of 120 months to be followed by a period of three (3) years on supervised release, along with a provision for restitution in the amount of $61,000. (R 39). Pettiford appealed his 120-month sentence to the United States Court of Appeals for the Eleventh Circuit, raising four issues on appeal.  He argued to the Circuit Court of Appeals, (1) that his counsel was constitutionally ineffective at sentencing, (2) that the court erred by

increasing his offense level for a leadership enhancement, (3) that the court erred in applying an

upward departure under U.S.S.G. § 4A1.3, and (4) that his sentence, at the statutory maximum, was

unreasonable.  (R 62).  The  Court of Appeals for the Eleventh Circuit first found that the record was

insufficiently developed for appellate review of Petitioner's claim of ineffective assistance of counsel

at sentencing.  The Court noted that, "Generally, claims of ineffective assistance of counsel are not

considered for the first time on direct appeal," citing *United States v. Tyndale,* 209 F.3d 1292, 1294

(11th Cir. 2000).   The Court, therefore, dismissed Petitioner's claim of ineffective assistance of

counsel at sentencing without prejudice to allow that claim to be developed sufficiently in the

District Court pursuant to a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.

§ 2255 to be timely filed at Petitioner's discretion.

As to Petitioner's second claim on direct appeal, to wit, that the court erred by increasing his

offense level for a leadership enhancement,  the Circuit Court reviewed that issue pursuant to *United*

*States v. Phillips,* 289 F.3d 1053, 1055 (11th Cir. 2002) and *United States v. Holland*, 22 F.3d 1040,

1045 n.8 (11th Cir. 1994),  and concluded that the district court "did not err in increasing the base

offense level by two points for a leadership enhancement." (R 62 at 3).   That issue is now the *law*

*of the case* and is not subject to consideration in a Motion To Vacate, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. § 2255.  The Eleventh Circuit Court of Appeals held in *United States v.*

*Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000):

> District court is not required to reconsider claims of error that were
> raised and disposed of on direct appeal. *United States v. Rowa,* 663
> F.2d 1034, 1035 (11th Cir. 1981).  "[O]nce a matter has been decided
> adversely to a defendant on direct appeal it cannot be re-litigated in
> a collateral attack under section 2255." *United States v Natelli,* 553
> F.2d 5, 7 (2nd Cir. 1997).

*Id.* at 1241, 42.

Lastly, stating that it was unable to determine from the record "whether the court applied a variance under 18 U.S.C. § 3553 or an upward departure under U.S.S.G. § 4A1.3(a)(4)(B), the United States Court of Appeals for the Eleventh Circuit ruled:

> Based on the above discussion, we VACATE Pettiford's **sentence** and REMAND for re-sentencing.

(emphasis added).   It is clear from the Circuit Court's decision that the District Court was limited in resentencing to the issues raised by Petitioner's claims (3) and (4), stated by the Circuit Court, to wit, that the court erred in applying an upward departure under U.S.S.G. § 4A1.3, and that the sentence, at the statutory maximum, was unreasonable. *See United States v. Williams,* 563 F.3d 1239 (11th Cir. 2009), ruling:

> Where we issue a limited mandate, "the trial court is restricted in the range of issues it may consider on remand." *United States v. Davis,* 329 F.3d 1250, 1252 (11th Cir. 2003).  Particularly where this court holds that there is no merit to a party's objections to his sentence other than that for which the court issues a remand, the district court is foreclosed from addressing any of the other sentencing issues previously raised. *See United States v. Tamayo,* 80 F.3d 1514, 1520 (11th Cir. 1996).   A district court's assertion of jurisdiction over matters outside the scope of such a mandate constitutes an abuse of discretion. *Id.*

The District Court held a re-sentencing hearing according to the Circuit Court's mandate on March 13, 2008 (Trans. R 78), and sentenced Petitioner Pettiford to the same sentence originally pronounced. (R-70).   In compliance with the mandate and the expressed concerns of the Court of Appeals for the Eleventh Circuit, the district court stated:

> The sentence imposed is outside and above the guideline range and is a variance and not a departure and is based on your personal characteristics and particularly including your recidivism as well as the nature and circumstances of the case, namely the fraudulent nature of the crime which is merely the last of a long strain of fraud thefts.

(Trans. R 78 at 11, 12).  Petitioner Pettiford filed a Notice of Appeal from the District Court's re-

3

sentencing Judgment.    On September 17, 2008, the Circuit Court of Appeals, finding that,

"independent examination of the record reveals no issues of arguable merit," declined to hear the

appeal and granted counsel's motion to withdraw pursuant to *Anders v. California,* 386 U.S. 1396,

18 S. Ct. 1396 (1967).  (R 81).

On December 15, 2009, Petitioner Pettiford signed, and presumedly placed in the hands of

the prison mailing authority[1], his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. § 2255.  (R 83).   Title 28, U.S.C.§ 2255(f), part of the Anti-Terrorism and Effective Death

Penalty Act (hereinafter "AEDPA")  provides:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of–
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental
> action in violation of the Constitution or laws of the United States is removed, if the
> movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have
> been discovered through the exercise of due diligence.

In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court observed,

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a

habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes

*final.'* 28 U.S.C. § 2255(1) (emphasis added).*"* Finality for the purposes of a § 2255 motion is "when

the time expires for filing a petition for certiorari contesting the appellate court's affirmance of the

conviction." *Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003).  Petitioner

---

[1]In *Washington v. United States,* 243 F.3d 1299, 1300, (11th Cir. 2001), the court held that, a prisoner's pro
se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing.

Pettiford's AEDPA one-year period of limitations, therefore, would be calculated as 90 days[2] plus 1-year from September 17, 2008, i.e., December 17, 2009.   The Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, timely filed on December 15, 2009, sets out four (4) Grounds for relief:

> **Ground One:** Both trial and appellate counsel were ineffective in their failure to object to an invalid appeal waiver that rendered the Movant's sentence procedurally unreasonable where the Court failed to adhere strictly to the mechanics of U.S.S.G. § 4A1.3 in determining whether a departure  or variance was merited after weighing the sentencing factors of § 3553(a) and merely labeled the departure a "variance" to by-pass the appeal waiver.

<u>Discussion of Ground One</u>

_____The district court need not hold an evidentiary hearing every time a section 2255 claim of ineffective assistance is raised. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the Petitioner's allegations are affirmatively contradicted in the record." *Holmes v. United States*, 876 F. 2d 1545, 1553, (11th Cir. 1989).

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a

---

[2]Supreme Court Rule 13.3 provides that "a petition for a writ of certiorari to review a judgement in any case entered by . . .  a United States Court of Appeals is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

strong presumption that the challenged action constituted sound trial strategy. *Chatelain v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Florida Department of Corrections*, 290 F.3d 1318 (11th Cir. 2002).  To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different.  *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000).  If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the Strickland test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000).  The *Strickland* standard applies to ineffective assistance of appellate counsel claims.  *Heath v. Jones,* 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S.1077, 112 S. Ct. 981 (1992).   To prevail on such claims, a Petitioner must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense. *Id.*

Petitioner Pettiford cannot show that he was prejudiced by counsels' conduct rendering his sentence procedurally unreasonable where the court failed to adhere strictly to the provisions of U.S.S.G. § 4A1.3 in determining whether a departure or variance was merited after weighing the sentencing factors of  § 3553(a).  This is the very issue upon which the  Court of Appeals for the Eleventh Circuit vacated Petitioner's sentence with  remand for re-sentencing.  The Circuit Court stated, "Our review of Pettiford's sentence requires us to know whether the court applied a variance under 18 U.S.C. § 3553 or an upward departure under U.S.S.G. § 4A1.3(a)(4)(B)."  (R 62 at 11).  Having satisfied itself of the propriety of the sentence on Petitioner's appeal after re-sentencing by "independent examination of the entire record," the Circuit Court left Petitioner Pettiford's re-sentence unchanged.   Petitioner Pettiford can show no prejudice on this issue via ineffective

6

assistance of trial or appellate counsel, and this court, therefore, need not address the performance

prong of the *Strickland* test.  There is no merit in Petitioner's Ground One.

Petitioner Pettiford further contends as his **Ground Two**:

> Appellate counsel was ineffective in her failure to pursue the Role
> Enhancement issue on appeal where there was insufficient evidence
> to warrant a managerial role pursuant to U.S.S.G. § 3B1.1(c).
> Additionally, Movant's arrest record was not supposed to be used for
> the determination of an upward departure without the court's finding
> by a preponderance of the evidence.  The mere finding that Movant
> may have committed more of the instant crime does not constitute a
> managerial role.

### Discussion of Ground Two

The Court of Appeals for the Eleventh Circuit specifically found on Petitioner's direct

appeal that:

> The stipulation of facts contained in the plea agreement and the PSI,
> as adopted by the court, provided sufficient evidence that Bobby Jean
> Pettiford was a participant under § 3B1.1 and that [John] Pettiford
> had a leadership role in the offense. ... Therefore, we conclude that
> the district court did not clearly err in finding Pettiford had a
> leadership position in the offense ... nor by increasing Pettiford's
> offense level for a leadership role.

(R-62 at 10, 11).  That Petitioner Pettiford was legally found to have been exercising a leadership

role in the criminal offense to which he pleaded guilty and for which his sentence was enhanced is

now the *law of the case.*  Those issues were raised before the Eleventh Circuit Court of Appeals and

decided adversely to Petitioner.  Citing *United States v. Tamayo,* 80 F.3d 1514 (11th Cir. 1996), the

Circuit Court, in *United States v. Amedeo,* 487 F.3d 823, 829, 830 (11th Cir. May 24, 2007), defined

*The Mandate Rule* and its connection to the *Law of the Case Doctrine,* as follows:

> The law of the case doctrine, self-imposed by the courts, operates to
> create efficiency, finality, and obedience within the judicial system so
> that an appellate decision binds all subsequent proceedings in the
> same case**.**  The mandate rule is simply an application of the law of

the case doctrine to a specific set of facts.  Accordingly, when acting under an appellate court's mandate a district court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been mandated. ... The law of the case doctrine ( and, by implication, the mandate rule applies to findings made under the Sentencing Guidelines. *See, e.g., United States v. Bordon,* 421 F.3d 1202, 1207-08 (11th Cir. 2005) (declining to consider a challenge to a Guideline calculation that was previously reviewed and affirmed by this court.

Pettiford cannot succeed in a claim of ineffective assistance of counsel on an issue that has been decided adversely to his claims that counsel should have taken other action.  Petitioner Pettiford can show no prejudice to his case by this claim of ineffective assistance of counsel in his Ground Two, and the same has no merit.

Petitioner Pettiford's **Ground Three** sets out two distinct claims.  First he asserts that, "Movant's appellate counsel provided ineffective assistance of counsel by failing to appeal any aspect of the sentence, instead filed an *Anders v. California* Brief."  (R 83 at 7).

Indeed, appellate counsel filed an *Anders* brief and the Court of Appeals found, "Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct" – "no issues of arguable merit," and granted appellate counsel's *Anders* motion to withdraw.  (R 81 at 3).  This issue has been decided adversely to Petitioner by the Appellate Court and cannot be relitigated here.  *See United States v. Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000).

In the second part of his **Ground Three,** Petitioner contends:

[B]oth trial and appellate counsel were ineffective when they failed to call Movant's brother, Larry Gene Pettiford to testify that Movant was authorized to use his identification and identifying data for business reasons and/or to procure credit/bank loans.  Both attorneys were aware of the brother's willingness to testify and/or proffer an affidavit certifying as such.  Defense counsel was ineffective in their failure to object to this enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(i).

Apparently this claim is not proffered to exonerate Petitioner John Pettiford of guilt in his scheme to defraud persons other than Larry Pettiford,[3] but, rather, to attack the validity of the two point enhancement he received under the 2004 Edition of the Federal Sentencing Guidelines, U.S.S.G. § 2B1.1(b)(10)(C)(i), which, for the determination of base offense level, provides:

> If the offense involved ...(C)(i) the unauthorized transfer or *use* of any means of identification unlawfully to produce or obtain any other means of identification ... increase by **2** levels.

The official Application Notes to this section provides:

> *A defendant obtains an individual's name an social security number from a source ... and obtains a bank loan in that individuals name. In this example, the account number of the bank loan is the other means of identification that has been obtained unlawfully.*

Mr. Larry Pettiford's Affidavit (R 85) filed in this action on December 22, 2009, states at item **6.** "Throughout the time period, 1989-2003, I have granted him [John Pettiford] authorized permission to use my identification and identifying data in the course of transacting business or to obtain bank or equipment credit/loans."  At item **7.** Mr. Larry Pettiford concludes, "At no time did the defendant, John Pettiford, obtain my identification or identifying data, and subsequently use that information in my name unlawfully."  This statement is speculative and conclusory and, moreover, contradicted by Petitioner John Pettiford's guilty plea and the Stipulation of Facts contained in his Plea Agreement (R-32), as noted by the  United States Court of Appeals for the Eleventh Circuit in its August 14, 2007 decision (R 62), as follows:

> The offense charged in Count one, relates to the purchase of heavy equipment from Industrial Tractor, a company operating out of Ladson, South Carolina.  Using his brother Larry's name, John Pettiford contracted Alan Gunter, the used equipment manager from Industrial, and made arrangements to purchase a backhoe.  John Pettiford had also used Larry Pettiford's credit information to obtain

---

[3] Petitioner stipulated to his guilt in the Plea Agreement (R 32) and to the court at both original sentencing and re-sentencing.

approval for financing of the purchase through John Deere.  Gunter agreed to bring the equipment to Pettiford for inspection if Pettiford agreed to buy it.

On or about June 22, 2001, Gunter traveled from South Carolina to Jacksonville, Florida where the backhoe was located, then rode with the delivery driver from Jacksonville to Ty Ty, Georgia.  Upon arrival in Ty Ty, Gunter met John Pettiford, who identified himself as Larry Pettiford and a woman who was represented to be "Larry's" wife, Betty.  The woman was later identified as Bobby Jean Pettiford.  After the machine was inspected and approved by John Pettiford, John Pettiford agreed to buy the backhoe for $31,000.  Bobby Jean Pettiford prepared a check in the amount of $9,000 on an account in the name of "Larry Pettiford d/b/a Ace Nursery."  John Pettiford signed the name of Larry Pettiford as payor.  The check as delivered to Industrial Tractor's Jacksonville office where the credit account was to be set up for payment of the $22,000 balance on the purchase.

About a week later, Gunter again traveled to Albany, Georgia to sell a bulldozer to John Pettiford.  On July 2, Gunter met with John and Betty Jean Pettiford in Savannah to complete the paperwork on the transaction and received another check, this time in the amount of $5,000 as the down payment on the bulldozer.  The $25,000 balance was also financed under the name Larry Pettiford through John Deere.

By the time the checks were submitted to the bank for payment, both of the checks bounced and no payments were made on either of the accounts.  As a result, Larry Pettiford was indicted in Dougherty County Superior Court.  In January, 2002, Gunter came to Dougherty County for a hearing, where he told authorities that the person who had been charged and arrested was not the man he dealt with.  Gunter then was asked to go to Tifton, where Gunter viewed a photo line-up and identified John Pettiford as the man with whom he had dealt.

*Id.* at 4, 5.  At items **9** and **10** of Larry Pettiford's Affidavit (R 85), he further exceeds the

scope of an affidavit by rendering his legal opinions that:

> [T]he defendant was unfairly enhanced by this provision pursuant to the United States Sentencing Guidelines § 2B1.1(b)(10)(C)(i).
> It appears as if the defendant was adversely affected by the unreasonable omission and that this increased calculation was a mistake that has prejudiced the defendant.

*Id.* at 3.  What appears (and what must have appeared to Petitioner's attorneys) is that Larry

Pettiford's credibility regarding his brother's conduct would be most suspect.  Moreover, since the District Judge did not sentence Petitioner Pettiford under the United States Sentencing Guidelines, the 2 point enhancement under U.S.S.G. § 2B1.1(b)(10)(C)(i) is of no consequence.   As clarified at re-sentencing, the District Judge pronounced to Petitioner  Pettiford, "The sentence imposed is outside and above the guideline range and is a variance and not a departure and is based on your personal characteristics and particularly including your recidivism as well as the nature and circumstances of the case, namely the fraudulent nature of the crime which is merely the last of a long strain of fraud thefts."  (Trans. R 78 at 12, 13).   Petitioner cannot show prejudice in counsel's not having called his brother Larry to swear that he authorized use of his identity for business purposes, since the 2 point guideline enhancement was of no significance to Petitioner's sentence.

Petitioner's **Ground Four** asserts that "Defense Counsel Was Ineffective In Their Failure to Object To Deficient Indictment."  Petitioner adds:

> Indictment failed to specify any individual who was actually defrauded nor whether the initials named in the indictment was an agent representing the party that the fraud was purported on.

Petitioner has failed to state a coherent or cognizable claim in his Ground Four. "Pleading guilty necessarily admits the commission of the crime." *United States v. Broce,* 488 U.S. 563. 570, 109 S.Ct. 757, 762 (1989).  "By virtue of his knowing and voluntary guilty plea, (defendant) waived the right to appeal all other nonjurisdictional challenges to his conviction that arose prior to his plea." *United States v. Cunningham,* 161 F.3d 1343, 1344 (11th Cir. 1998).  Petitioner's Ground Four is without merit.

Petitioner's entire Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (R 83), signed on December 15, 2009, two days before the expiration of the AEDPA 1-year statute of limitations, is without merit and should be DENIED.

11

On February 16, 2010, Petitioner Pettiford filed a Motion For Leave to Amend the Pleadings to 28 U.S.C. § 2255 Under the Federal Rules of Civil Procedure at Rule 15(a). (R 88).  This amendment privilege provided by Rule 15 does not trump the AEDPA statute of limitations, which expired on December 17, 2009, and new claims are therefore time-barred in this action.  Petitioner labels the third paragraph of his above titled Motion as **New grounds raised,** and proceeds to raise a **Ground #5** claiming that " the Government now lacks jurisdiction ... District Court Lacked Subject Matter Jurisdiction."  Petitioner proffers a **Ground Six: Government misconduct and unlawful sentence with vindictiveness to all charges and accounts.**  Petitioner asserts that the indictment is violative of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. Petitioner proffers a **Ground Seven** claim of ineffective assistance of counsel which repeats the second part of his original Ground Three, discussed fully above.  Thereafter, Petitioner restates all of the grounds stated in his  original petition, all of which have been addressed above.

On March 30, 2010, Petitioner Pettiford filed a Motion To Supplement Habeas Corpus  28 U.S.C. § 2255 Motion (R-89).  He reasserts a **Ground I-1** that was vaguely made in his original petition that his plea counsel did not allow him adequate time to examine the PSI  prior to his sentencing.  The Court must note that the time between his original sentence on May 26, 2005 (R 35) and his mandated re-sentencing on March 13, 2008 (Trans. R 78), more than 33 months elapsed, and Petitioner had the opportunity to fully discuss the provision of the PSI with his new re-sentencing counsel.   Pettiford's new counsel voiced her appreciation to the Government and Probation Office for their assistance in providing documentation regarding the PSI and assisting her in going to speak to Pettiford about the documentation and the PSI.  *Id.* at 3.  When asked if there was anything he would like to say, Pettiford answered, "Yes, sir.  I admit what I did was wrong, sir." *Id.* at 5.  Petitioner had no questions regarding the PSI at re-sentencing, the only time now relevant.

Petitioner's Motion **Ground I-2** asserts a new claim that, "Attorney failed to argue subject matter jurisdiction and venue specifically related to Admiralty/Maritime Judicial Proceedings.  At **Ground I-3**, Pettiford asserts the new claim, "Attorney failed to inform defendant  about this court's civil only capacity relating to Defendant's alleged actions that were solely  commercial in substance warranting a civil penalty only.  At **Ground I-4**, Petitioner asserts the new claim, "Attorney failed to inform defendant of his being an Officer of the Court, and as such, the court is his first duty."

Petitioner Pettiford, at **Ground II-1** asserts:

> The federal government, through the district attorney's office, perpetrated fraud against Defendant in its acceptance and substantive participation in the misrepresentation of an Admiralty/Maritime law court as a Constitutional Court of Law.

At **Ground III-1**, Petitioner asserts, "This court did and continues to misrepresent itself as a Constitutional Court of Law, when, in fact, it is an Admiralty/Maritime law court, operating in bankruptcy."   Ground III 2 asserts, "This court illegally applied a criminal conviction and penalty to a civil matter... ."  Petitioner's Motion For Leave to Amend does not suggest additional evidence that relates back to any of his claims filed prior to the expiration of his one-year statute of limitations.

## Conclusion of Law

_____Pursuant to Fed.R.Civ.P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). " 'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."  *Davenport v. United States,* 217 F.3d 1341, 1344 (11th Cir. 2000).  In a § 2255 motion, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and

sentencing proceedings." *Id.* "Instead ... the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." *Id.*   In *Mayle v. Felix,* 545 U.S. 644, 645, 125 S.Ct. 2562, 2563 (2005), the United States Supreme Court  held:

> An amended habeas petition does not relate back (and thereby avoid
> AEDPA's one-year time limit) when it asserts a new ground for relief
> supported by facts that differ in both time and type from those set
> forth in the original pleading.

*See Pruitt v. United States,* 274 F.3d 1315 (11th Cir. 2001.) (untimely claim not made in movant's original motion to vacate, and thus not relating back to motion to vacate, was barred by statute of limitations. 28 U.S.C. § 2255); and *Dean v. United States,* 278 F.3d 1218, 1223 (11th Cir. 2002) (same) .

None of Petitioner Pettiford's *new claims* in his Motions to Amend relate back in either time or type to his timely claims made in his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed two days before his AEDPA one-year expired.

**WHEREFORE, IT IS RECOMMENDED,** that, inasmuch as none of Petitioner's claims are meritorious, Petitioner Pettiford's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED.   Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 2nd day of April 2010.


**S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE**