## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Criminal Case No.** |
| **v.** | : | **7:04-cr-1 (HL)** |
| | : | |
| **JOHN PETTIFORD,** | : | |
| | : | |
| **Defendant.** | : | |

_____

### ORDER

Before the Court is Defendant's *pro se* Motion to Correct Sentence (Doc. 115). For the reasons stated below, the Motion is denied.

### I.     Background

John Pettiford is currently serving time in federal prison for using a fraudulent check to pay for a backhoe. He was indicted on January 15, 2004 under 18 U.S.C. § 2314 for causing interstate travel in scheme to defraud. Prior to his federal indictment, Pettiford was convicted in Georgia of several other criminal charges including theft by deception and violation of probation. Pettiford was serving time for his state criminal convictions when the federal indictment against him was filed.

After his indictment in January 2004, Pettiford shifted from state custody to federal custody several times as his federal case moved through the criminal system towards resolution. Pettiford pled guilty to the federal charge on January 15, 2005. On May 26, 2005, the district court sentenced Pettiford to 120 months

imprisonment, consecutive to the state prison term, followed by three years of

upervised release. Pettiford was released from state custody on December 12,

2006 and immediately began serving time for his federal conviction.

    II.   **Discussion**

    Pettiford claims that he spent 625 days in federal custody between the

time that the federal indictment was issued against him and when he entered his

guilty plea. He further claims that, according to U.S.S.G. § 5G1.3, the time spent

in federal custody should be credited towards his federal sentence. However,

Pettiford is not entitled to relief for two reasons: (1) § 5G1.3 is an inappropriate

vehicle to challenge his sentence, and (2) the Court does not have another

source of authority that would enable it to provide the relief that Pettiford seeks.

    First, § 5G1.3 does not provide Pettiford with a cause of action to

challenge his sentence. This statute serves as a sentencing guideline designed

to prevent over-sentencing from a single charge. It is not intended to operate as

an avenue for prisoners to seek relief after a sentence has been imposed.

Section 5G1.3 states:

> (b) If subsection (a) does not apply, and a term of imprisonment
> resulted from another offense that is relevant conduct to the
> instant offense of conviction under the provisions of subsections
> (a)(1), (a)(2), or (a)(3) or § 1B1.3 (Relevant Conduct) and that was
> the basis for an increase in the offense level for the instant
> offense under Chapter Two (Offense Conduct) or Chapter Three
> (Adjustments), the sentence for the instant offense shall be
> imposed as follows:
>
> (1) the court shall adjust the sentence for any period of
> imprisonment already served on the undischarged term of

imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The language of § 5G1.3 does not provide any jurisdictional grounds for Pettiford to challenge his sentence, and the district court is without the inherent authority to modify Pettiford's prison sentence without a jurisdictional basis. United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).

Second, there is not another source of authority that would enable the Court in this case to amend Pettiford's sentence. Pursuant to 18 U.S.C. § 3582, a district court may at times adjust a federal sentence so as to make it, effectively, fully concurrent. See United States v. Trice, Nos. 1:92-cr-08, 1:06-cv-18, 1:06-cv-27, 1:07-cv-76, 2010 WL 3810777, at *3 (M.D. Ga. Sept. 22, 2010). However, "the authority of a district court to modify an imprisonment sentence is narrowly limited by statute." Phillips, 597 F.3d at 1194-95. The Eleventh Circuit recently held that modification of a sentence is only appropriate under § 3582 in three situations:

(1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the

3

> defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35[1] expressly permits a sentence modification, *see* id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see* id. § 3582(c)(2).

Phillips, 597 F.3d at 1194-95. In this case, none of the three circumstances allowing a district court to modify a sentence are present, and therefore, the district court has no authority to modify Pettiford's sentence under § 3582.

Further, once a prisoner's sentence has begun, the Bureau of Prisons, not the district court, is vested with the authority to modify a sentence under 18 U.S.C. § 3585. Section 3585 states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences …" Prisoners may seek judicial review of their sentence under § 3585, but only after exhausting all available administrative remedies. United States v. Lucas, 898 F.2d 1554, 1555 (11th Cir. 1990).

Pettiford alludes in his Motion that the Bureau of Prisons has review his case under § 3585. He states that "the Bureau of Prisons takes the position that they are prohibited from awarding any jail time credit pursuant to 18 U.S.C. §

---

[1] Federal Rule of Criminal Procedure 35 allows a court to correct or reduce a prisoner's sentence if there is clear error or if the defendant provided substantial assistance in investigating or prosecuting another person. However, as of December 2009, Rule 35 only permits a court to correct a sentence within fourteen days of sentencing. Thus, Rule 35 is inapplicable in this case.

4

3585(b)." However, Pettiford has not offered evidence to the Court that he sought review from Bureau of Prisons, nor has he demonstrated that he has exhausted his administrative remedies. These steps are prerequisites to judicial review by the district court.

In sum, Pettiford's claim for relief under § 5G1.3 is improper because the statute does not provide a jurisdictional basis for this Court to review his claim. Additionally, Pettiford has not been able to show that any alternative jurisdictional basis is available in this case. Pettiford must seek relief through appropriate administrative remedies before seeking further relief from this Court. For these reasons, the Motion is denied.

SO ORDERED, this 28th day of November, 2011.


*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr